**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 APR -9 P 3:32
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY

*Judson T. Mihok*
*Assistant United States Attorney*
*Judson.Mihok@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

March 3, 2014

Ms. Kathi Hill
Hill, Barnes & McInerney, LLC
23 North Center Street
Westminster, MD 21157

Re: United States v. Joshua Foe, GLR 14-0086

Dear Ms. Hill:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on March 14, 2014, it will be deemed withdrawn.

You will also need to make arrangements for client to be interviewed by Pre-Trial Services prior to the court date when the initial appearance, arraignment, detention hearing, and guilty plea is scheduled.

The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty pursuant to an Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a. That on or about August 23, 2013, in Maryland, the Defendant knowingly possessed and accessed a visual depiction with intent to view;

b. That the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

c. That the visual depiction was of one or minors engaged in sexually explicit conduct; and

d. That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

## Penalties

3. The maximum sentence provided by statute for the offense to which your client is pleading guilty is not more than (10) years, followed by a term of supervised release of not more than life and not less than five years, and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

a. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

c. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the

opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e. The Defendant would have the right to testify in his own defense if he chose to do so, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i. By pleading guilty, the Defendant will also be giving up certain valuable civil rights, such as the right to vote, the right to own a firearm, as well as certain government benefits. By virtue of this conviction, the Defendant may be subject to deportation or other loss of immigration status.

Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. § 991 through 998. The Defendant further understands that the Court will impose

a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a. The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1).

b. Pursuant to U.S.S.G. § 2G2.2(b)(2), this Office contends that there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). The Defendant disputes the application of that provision.

c. Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the possession involved the use of a computer.

d. Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), there is a two (2) level increase because the offense involved distribution.

e. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **26.**

6. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

7. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

Plea Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

8. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of forty-two (42) months in the custody of the Bureau of Prisons, plus a term of at least fifteen (15) years of supervised release, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). Should the Government so elect, it will be afforded the opportunity to proceed on all counts of the Indictment.

Obligations of the United States Attorney's Office

9. As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of forty-two (42) months in the custody of the Bureau of Prisons, plus a term of at least fifteen (15) years of supervised release.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds forty-two (42) months of custody in the Bureau of Prisons; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below forty-two (42) months of custody in the Bureau of Prisons and/or does not include at least fifteen (15) years of supervised release.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from

appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

Restitution

12. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

Forfeiture

13. The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on August 23, 2013. He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to, one (1) Compaq Presario Desktop Computer (s/n MXK4121F04) with accompanying Samsung hard disk drive (s/n S013J10X311698), and one (1) Western Digital USB hard drive (s/n WXC1A11C7852).

Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

15. 15. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: ______________________
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/7/14
Date

______________________
Joshua Foe

I am Mr. Foe's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

3/7/14
Date

______________________
Ms. Kathi Hill

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Joshua Foe, age 35, is a resident of Westminster, Maryland.

On September 11, 2012, an HSI Special Agent using an undercover computer downloaded three files which depicted minors engaged in sexually explicit conduct from IP address 74.103.96.118, with a Peer-to-Peer nickname of "Devious@". The files are described as follows:

a. "(pthclolifuck) 11 yo panties(2)(2)(2)(2)(2).jpg": This is an image file depicting an individual pulling the panties of a prepubescent minor female and exposing the females genitals to the view of the camera.

b. "daisy-012-084-12yr old daughter sex lover ptsc lsm lsn cum ass pussy hussyfan mafiasex r@y(2).jpg": This is an image file that depicts a nude minor female sitting and holding on to a rope ladder with her legs spread to expose her genitals to the view of the camera.

c. "lsm pthc ls-magazine misc pussy 45556(4)(2)(2)(2)(3)141.jpg": This is an image file that depicts a nude minor female in the bent over position on a beach with her legs spread to expose her genitals to the camera.

On March 16, 2013, a Corporal with the Maryland State Police, using an undercover computer downloaded ne file which depicted minors engaged in sexually explicit conduct from IP address 173.75.185.31 , associated with the same nickname. That file is described as follows:

a. "pthc new 2010 10yr tara ass fucking and sucking! sexy ass plz share.avi": This is a video file that depicts the mouth of a nude minor female, who is kneeling, being penetrated by the penis of a nude adult male, who is seated, and then later, the adult male engaging the minor female in vaginal intercourse.

Subpoenas confirmed that the IP addresses, at the relevant dates and times, resolved to the residence of the Defendant in Westminster, Maryland. A federal search warrant was obtained and then executed on August 23, 2013. Law enforcement agents seized a number of items, to include one (1) Compaq Presario Desktop Computer (s/n MXK4121F04) with accompanying Samsung hard disk drive (s/n S013J10X311698), and one (1) Western Digital USB hard drive (s/n WXC1A11C7852). Approximately 277 images and 296 videos of child pornography, which included depictions of prepubescent minors engaged in sexually explicit conduct, were identified on the computer as the result of a forensic analysis.

The same day the search warrant was executed, the Defendant agreed to speak with the agents. The Defendant stated, in sum and substance, that he had been running the Peer-to-Peer application in question, which he described as a network of people, and that he had been looking for child pornography, which does turn him on. The Defendant added that he knew it was wrong

and that he had a problem. The Defendant indicated that ages 10 to 12 or 10 to 16 turn him on the most and that he was not sure when his interest in child pornography started, but that he thought it started a few years ago. The Defendant indicated that he was not sexually abused as a child. The Defendant informed the agents that he moves the child pornography that he downloads from the internet from the "shared" folder to the hard drive and that he does delete the child pornography sometimes. He estimated that the agents would find 500 to 1,000 files of child pornography. The Defendant apologized for his actions and thanked the agents for showing up to execute the search warrant. When provided an opportunity to write a statement, the Defendant did so, and included the same details discussed above.

The Defendant knowingly possessed the images and videos of child pornography, which he knew included visual depictions of prepubescent minors, under the age of 12, engaged in sexually explicit conduct. The Defendant also knowingly made his "shared" files available for others on the Peer-to-Peer network to download files of child pornography from him. The Defendant sought out these visual depictions on the internet and knowingly received them by selecting them for downloading, reviewing them after they had downloaded, and retaining them on his computer and USB hard drive. By virtue of the fact that the Defendant had downloaded the files depicting minors engaged in sexually explicit conduct from the internet, said files traveled in or affected interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

3/7/14
Date

Joshua Foe